Filed 1/7/26  In re S.C. CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re S.C. et al., Persons Coming Under the Juvenile Court Law. | B344582 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | (Los Angeles County Super. Ct. No. 23CCJP04373A-F) |
| Plaintiff and Respondent, | |
| v. | |
| E.C., Sr., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County. Craig S. Barnes, Judge. Affirmed.

Lauren K. Johnson, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, and Jessica S. Mitchell, Deputy County Counsel, for Plaintiff and Respondent.

_____

This is an appeal from the juvenile court's order sustaining a single count as to Father, E.C., Sr., under Welfare and Institutions Code[1] section 387. The juvenile court dismissed the other three counts as to Father and left his six children in his custody.[2] Concluding that the evidence was sufficient to support the single finding made as to Father, we affirm.

## BACKGROUND

Mother and Father have six children together.[3] Between 2015 and 2023, the family received nine referrals in various jurisdictions for physical and emotional abuse and general neglect. All of them were deemed unfounded or inconclusive.

Another referral was made in October 2023 alleging general neglect. The reporting party found multiple children unattended and in dangerous conditions around their apartment. One child was naked outside the home. The apartment also had a chemical odor, the oven was open, and one of the children was turning the oven controls. Neither Mother nor Father was home.

After some investigation, in December 2023 the Los Angeles County Department of Children and Family Services (Department) filed a petition pursuant to section 300, subdivision (b) regarding all six children. Count b-1 alleged the parents placed the children in a detrimental and endangering

---

[1]    Undesignated statutory references are to the Welfare and Institutions Code.

[2]    The juvenile court sustained a second count as to Mother, T.W., but she is not a party to this appeal.

[3]    The children range in age from two to 11 as of the date of the January 2025 order. Because many of them share the same initials, we will refer to them by their age as of that time.

situation by failing to provide appropriate adult supervision. Count b-2 alleged Mother abused marijuana and was often incapable of providing regular care for the children and Father failed to protect them. Count b-3 alleged the home was kept in a filthy and unsanitary condition.

The juvenile court (Judge Craig S. Barnes) sustained the petition on March 11, 2024, declaring the children dependents but ordering them placed at home with the parents with family maintenance services. Among other things, the court ordered the parents to ensure the children received regular ongoing medical and dental care and to follow recommendations.

The juvenile court thereafter held several progress hearings, receiving updates on the services provided and how things were going in the home. At one such hearing in October 2024, the court denied Father's request to close the case.

In November 2024, the Department filed an ex parte application for removal based on general neglect, the parents' failure to enroll the children in school or obtain Regional Center assessments, continued substance abuse by Mother, physical punishment of the children by Father, and the observation that one of the children had "decaying teeth." The juvenile court signed the removal order that same day.

Within days, the Department filed a supplemental petition under section 387, requesting the children be removed from the parents' home. The petition alleged the previous disposition of placement in the parents' home had failed to protect the children, and set forth four counts in support of its request.

Count s-1 alleged Mother continued to abuse marijuana; open containers of alcohol and drug paraphernalia in the home were accessible to the children; Mother's use of marijuana

3

interfered with her care and supervision of the children; and Father failed to protect the children despite knowing of Mother's substance abuse.

Count s-2 alleged the parents failed to comply with the juvenile court's orders to participate in the Regional Center Assessment both for themselves and for their children.

Count s-3 alleged the parents failed to comply with juvenile court orders to keep the house clean and well maintained.

Count s-4 alleged one of the children had decaying teeth and the parents failed to provide all the children with appropriate dental care.

The juvenile court held a hearing on the section 387 petition in November 2024 and denied the Department's request to remove the children. It faulted the Department for failing to put into place the safety plan for the children previously ordered. It also expressed concern that the Department's reporting contained at least one, and perhaps other, inaccuracies. The court concluded a plan could be put into place to test Mother regularly and warned the parents several times that a failure to test or comply with court orders could mean removal.

In December 2024, the Department filed another application for removal of the children. The Department alleged that, after the safety plan was put in place, Mother had tested positive for marijuana at every drug test. She reported using marijuana about 10 times a day and drinking tequila multiple times a week. The Department also noted ongoing concerns about the parents' "relationship dynamics" and domestic violence in the home. The application contained additional information since the former hearing. The application was signed by the juvenile court

that same day (per Judge D. Brett Bianco) and the children were removed from their home.

Less than a week later, the Department then filed an ex parte application pursuant to section 385, requesting the children remain detained from parents. The request was set for hearing two days later before Commissioner Juan Valles. The juvenile court granted the application and detained the children from both Father and Mother, ordering monitored visitation.

The juvenile court set a contested detention hearing less than a week later at Father's request. At that hearing, the court (per Commissioner Gabriela Horowitz Shapiro) entered as an order the parties' agreement that Mother would move out of the home and the children would thereafter be released to Father.

The next court date, January 22, 2025, was the adjudication hearing on the section 387 petition before Judge Barnes. The juvenile court sustained count s-1 as to Mother, but struck Father from it. As children's counsel explained, Mother continued to struggle with her marijuana and alcohol use, but she had moved out of the home and was no longer Father's in-home health care aide (Father has cerebral palsy) and Father had a new aide. The court dismissed counts s-2 and s-3. The court sustained count s-4 relating to dental care, saying: "Historically this has been a problem, and it's one that I'm concerned about because there seems to be a lack of initiative here. And so although I recognize the argument was, well, there was a dental appointment a little bit more than six months ago, the persistence of this challenge is concerning to me."

Father timely appealed.

## DISCUSSION

## I.    Applicable Law and Standard of Review

Father contends the evidence was insufficient to support the juvenile court's finding on the section 387 petition as it related to failure to provide appropriate dental care for the children. "A section 387 supplemental petition is used to change the placement of a dependent child from the physical custody of a parent to a more restrictive level of court-ordered care." (*In re T.W.* (2013) 214 Cal.App.4th 1154, 1161.) A supplemental petition "need not allege any new jurisdictional facts, or urge different or additional grounds for dependency because a basis for juvenile court jurisdiction already exists. [Citations.] The only fact necessary to modify a previous placement is that the previous disposition has not been effective in protecting the child." (*Ibid.*)

We review the juvenile court's findings on a section 387 petition for substantial evidence. (*In re T.W., supra,* 214 Cal.App.4th at p. 1161.) "We do not pass on the credibility of witnesses, attempt to resolve conflicts in the evidence or weigh the evidence. Instead, we draw all reasonable inferences in support of the findings, view the record favorably to the juvenile court's order and affirm the order even if other evidence supports a contrary finding. [Citations.] The appellant has the burden of showing there is no evidence of a sufficiently substantial nature to support the findings or order." (*Id.* at pp. 1161-1162.)

## II.    Application

Applying the law to the facts, we perceive no error. The juvenile court had ample evidence from which to conclude the parents had failed to ensure the children received ongoing dental care. As far back as 2019, there were concerns about the children

6

not receiving appropriate dental care. The eldest child, then about six years old, was reported to have been screaming in pain from eating due to infected teeth and had 16 cavities. Father did not allow her to take the medication prescribed. After a referral was made to the Department, the child was taken to a dentist. She needed to have three teeth extracted due to extensive decay and infection.

In March 2024, after the Department filed its section 300 petition, the parents were ordered to make sure the children received regular medical and dental care and to abide by the recommendations. But by November 2024, when the Department filed its application for removal, dental care was again an issue. A social worker noted the then four-year-old boy "was observed to have decaying teeth." The Department deemed the parents only partially compliant with the order to get regular dental care as they had taken some of the children to the dentist in June and July 2024.

However, during an unannounced home visit in December 2024 a social worker noted no toothbrushes or toothpaste in the home. This was after the juvenile court had ordered the Department to ensure the parents received money to pay rent and buy furniture and groceries. In January 2025, the Department reported more specifically that the eldest boy had a dental visit in July 2024, had received X-rays and two tooth extractions, and was coded as a "high risk" for caries—i.e., tooth decay or cavities. The five-year-old had a dental appointment in October 2024, had received X-rays and a tooth extraction, and was also coded "high risk" for caries. The other two boys had dental visits in October 2024, and were similarly coded as "high risk" for caries. The eldest daughter, aged 11, was seen by a

different dentist, but was also reported as "high risk of dental caries." Only the nine-year-old was rated as "low risk of dental caries."

The evidence of the parents' attitude toward the children's dental care also supports the juvenile court's finding. Mother's reaction when questioned about the five-year-old's recent tooth extraction was "[t]he tooth was ready to come out." Father simply denied the child had any dental issues, reporting that the child had been to the dentist in "November [*sic*]" and had a tooth taken out.

A juvenile court can consider past events when determining whether a child currently needs the court's protection, as "[a] parent's past conduct is a good predictor of future behavior." (*In re T.V.* (2013) 217 Cal.App.4th 126, 133.)

Moreover, the parents' failure to understand or acknowledge their children had not received sufficient dental hygiene and professional care, as well as their failure to ensure dental hygiene products were available for the children to use to prevent future problems, support the juvenile court's finding that the juvenile court's oversight was still needed on this issue. "One cannot correct a problem one fails to acknowledge." (*In re Gabriel K.* (2012) 203 Cal.App.4th 188, 197.)

## DISPOSITION

The juvenile court's order is affirmed.


RICHARDSON, J.


WE CONCUR:


LUI, P. J.        CHAVEZ, J.


8